UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

Plaintiff(s): **HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS**

v.

Defendant(s): **AUTO-OWNERS INSURANCE COMPANY**

## NOTICE OF REMOVAL

Defendant, Auto-Owners Insurance Company ("Defendant"), by and through its attorneys, Gregory R. Giometti & Associates, P.C., and pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446, hereby submits its Notice of Removal and states as follows:

1. Plaintiff's breach of insurance contract and bad faith suit was initially filed in the District Court for Denver County, State of Colorado, on March 6, 2012.

2. On Tuesday March 13, 2012, Plaintiff's Complaint was served upon the Colorado Department of Regulatory Agencies, Division of Insurance, at 1560 Broadway Ste. 1200, Denver, CO 80202. On March 13, 2012, or shortly thereafter, the Division of Insurance mailed a copy of Plaintiff's Complaint to Defendant in Lansing, Michigan. On March 22, 2012, Defendant received a copy of Plaintiff's Complaint from the Division of Insurance. This was Defendant's first notice of the Complaint. Pursuant to 28 U.S.C. 1446(b), Defendant has thirty days, or until April 23, 2012, from the date it became aware of the Complaint to file its Notice of Removal. Out of an abundance of caution, Defendant files this removal within thirty days of the date Plaintiff's Complaint was served upon the Division of Insurance.

1



3. Pursuant to 28 U.S.C. § 1441(a), any civil action brought in a Colorado state court may be removed to the U.S. District Court for the District of Colorado, if the U.S. District Court would have had original jurisdiction.

4. Pursuant to 28 U.S.C. § 1332(a), this Court would have had original jurisdiction because the amount in controversy exceeds $75,000 and the matter is between citizens of different states.

5. As to the first criterion, Defendant submits that the amount in controversy is sufficiently set forth in Plaintiff's Complaint. The amount in controversy is ordinarily determined by the allegations of the complaint. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Plaintiff's Complaint alleges that Defendant refused to pay Plaintiff for $63,500 worth of oriental rugs damaged in a water leak in August or September of 2009. Exhibit A, Plaintiff's Complaint, ¶s 18, 21, and 26. Plaintiff's Complaint also alleges that Defendant has failed to pay Plaintiff in excess of $404,697.36, representing the amount of damages to a different group of oriental rugs resulting from a water leak in January of 2011. *Id.* at ¶ 53. Finally, Plaintiff's Complaint seeks two times the covered benefits stated above, in addition to pre- and post-judgment interest. *Id.* at pg. 9. Therefore, the amount in controversy, as stated in the initial pleading, is at least $936,394.72, plus interest. Because Plaintiff's damages are specified in the Complaint, it is not necessary to address the "preponderance of evidence" test set forth in *Martin v. Franklin Capital Corp.*, 251 F.3d 1284 (10th Cir. 2001).

6. As to the second criterion, according to the allegations contained in Plaintiff's Complaint, Plaintiff is a citizen of Colorado. Exhibit A, Plaintiff's Complaint, ¶ 1. Defendant, Auto-Owners Insurance Company, is Michigan corporation with its principal place of business in Lansing, Michigan. The diversity of citizenship requirement of 28 U.S.C. § 1332(a) is satisfied

where, as here, there is diversity of citizenship between the adverse parties, *i.e.*, between the plaintiff and the defendant. *See Wisconsin Dept. Of Corrections v. Schact*, 524 U.S. 381, 388, 118 S.Ct. 2047 (1998); *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006). Therefore, the requirements for removal of this action under 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446 have been satisfied and this matter has been properly removed.

8. Pursuant to the Colorado Civil Access Pilot Project rules for Business Actions, Rule 3.1, Defendant is not required to file an Answer to Plaintiff's Complaint until and unless Plaintiff provides Defendant with its initial disclosures. Therefore, Defendant has not filed an Answer in the state court action. If this removal is accepted, Defendant will promptly file an Answer consistent with the Federal Rules of Civil Procedure.

7. Attached hereto is an Index of State Court Pleadings with the following documents: Complaint and Jury Demand; District Court Civil Cover Sheet; Return of Service; Summons; and Delay Reduction Order.

WHEREFORE, Defendant, Auto-Owners Insurance Company, respectfully requests that this matter be removed from the District Court of Denver County, Colorado, to the U.S. District Court for the District of Colorado.

Respectfully submitted this 12$^{h}$ day of April, 2012.

                                       **GREGORY R. GIOMETTI & ASSOC., P.C.**

                                       *Original Signature on File*
                                       *s/ Carl W. Dowdy*
                                       Gregory R. Giometti, #16868
                                       Carl W. Dowdy, #37757
                                       Gregory R. Giometti & Associates, P.C.
                                       50 S. Steele Street, Suite 480
                                       Denver, CO 80209
                                       Phone:     (303) 333-1957
                                       Fax:       (303) 377-3460
                                       E-mail:    ggiometti@giomettilaw.com

cdowdy@giomettilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th April, 2012, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served electronically via CM/ECF to the following:

Jeremy A. Sitcoff
Nelson A. Waneka
Roberts Levin Rosenberg PC
1660 Wynkoop, Suite 800
Denver, CO 80202

*Original Signature on file*
*s/ Robin Chadwick*
Robin Chadwick

4