Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 2012-CV-00980-REB-KLM

Plaintiff(s): **HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS**

v.

Defendant(s): **AUTO-OWNERS INSURANCE COMPANY**

## STIPULATED PROTECTIVE ORDER

In this action, Plaintiff has sought and/is seeking production of documents from the defendant, Auto-Owners Insurance Company ("Auto-Owners"), documents which the parties agree contain proprietary information and trade secrets of Auto-Owners. Auto-Owners seeks to protect the categories documents set forth in its Responses to Plaintiff's Requests for Production of Documents, which were served on March 27, 2013, including claims-handling and coverage manuals, and Auto-Owners' training and reference materials (collectively referred to as "Manuals"). Auto-Owners has agreed to produce its Manuals as they pertain to Auto-Owners' handling of property claims in the State of Colorado and subject to the entry of a Protective Order.

This order does not apply to other Auto Owners manuals produced in other cases, which are not subject to any protective order. [KLM]

The Court HEREBY FINDS, that protective orders must at times be entered to protect parties from oppressive, embarrassing, or unduly burdensome discovery, or to protect confidential and proprietary information, pursuant to Fed.R.Civ.P. 26(c)(1)(G). IT IS THEREFORE ORDERED, that this Protective Order shall be ENTERED, and that the Manuals

1

Exhibit 1

to be produced in this case are, and shall be, deemed confidential. The Manual(s) may only be disclosed to the following persons, and only for the purposes of this action:

    a.    This Court, including Court personnel, court reporters and persons operating video recording equipment at depositions in this action;

    b.    Counsel who have appeared of record for a party in this action and partners, associates, legal assistants or other employees of such counsel assisting in the prosecution or defense of this action;

    c.    Persons retained by the parties or their attorneys to assist in the prosecution or defense of this action (including consultants or expert witnesses and third-party vendors and their employees retained by the parties or counsel who are involved in one or more aspects of copying, microfilming, reorganizing, filing, coding, converting, storing or retrieving data);

    d.    Witnesses or potential witnesses; and

    e.    The parties, which, for purposes of this order, includes officers, directors, and employees.

The Manual(s) provided by Auto-Owners shall be subject to the following restrictions:

    a.    It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

    b.    It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case. The Manual shall not, and may not, be produced to any person, firm, or entity not directly involved in this action as a witness, expert, party, or attorney, whether during or after the conclusion of this action. The prohibition on disclosure in this Order is specifically meant to extend to any member of, listserv for, e-mail distribution list, or other form of communication related to the Colorado Trial Lawyers Association or any of its members.

Where confidential information is produced, provided or otherwise disclosed by a party in response to any discovery request, it will be designated in the following manner:

2

  a. By imprinting the word "Confidential - Subject to Protective Order" on the lower right or left corner of the first page or cover of any document produced. The imprinting shall not obscure the contents of any document.

  b. By imprinting the word "Confidential - Subject to Protective Order" next to or above any response to a discovery request

If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other Party's counsel in writing of the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may notify the Court of the need for a conference [pursuant to MT Mix's discovery procedures] to determine whether a disclosure order is appropriate. Any request to the Court for such a conference shall be made within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion. To the extent the documents at issue are not Manuals as described in this order, the burden remains on the party withholding disclosure to show good cause for the nondisclosure, consistent with Fed.R.Civ.P. 26 and applicable case law.

In the event it is necessary for the parties to file confidential information with the court in connection with any proceeding or motion, the confidential information shall be filed under seal, according to procedures set forth by the Court's filing system.

Individuals authorized to review confidential information pursuant to this protective order, including, but not limited to, the parties to this action and their undersigned counsel, shall hold confidential information in confidence and shall not divulge the confidential information, either orally or in writing, to any other person, entity or governmental agency unless authorized to do so by this protective order or other court order.

Exhibit 1

Plaintiff's counsel, if they disclose the Manuals to others, shall take all steps reasonable and appropriate to ensure compliance with the terms of this protective order with respect to persons to whom such confidential information is disclosed and shall obtain from the party asserting confidentiality, a form affidavit to be signed by qualified recipients of the Manuals, agreeing to abide by the terms herein, and counsel shall maintain a list of all persons to whom the Manual is disclosed. Counsel will maintain the signed affidavits.

No copies of the Manual shall be made except by or on behalf of counsel in this litigation for work product purposes or for review by experts in this case. Any such copies shall be made and used solely for the purposes of this litigation.

During pendency of this litigation, the party's counsel and expert witnesses/consultants retained by the party's counsel shall retain custody of the Manuals and copies made there from, pursuant to the terms of this Order.

Any pleadings or briefs filed by the parties that either quote or discuss the contents of the Manuals shall be filed and sealed.

The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of confidential information pursuant to this protective order, and the court shall retain continuing jurisdiction to enforce the terms of this protective order.

By agreeing to the entry of this protective order, the parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

Neither the taking of any action in accordance with the provisions of this protective order, nor the failure to object thereto, shall be construed as a waiver of any claims or defenses in this action.

Upon termination of this litigation, including any appeals, each party's counsel shall immediately either return to Auto-Owners, the Manuals produced, including all copies thereof or in the alternative, provide a signed affidavit by each party and their counsel that all confidential materials have been destroyed. At that time, counsel shall also provide a list of individuals who have received the Manuals and attest that they have recovered all copies of the Manuals dispersed during the course of this action.

Nothing in this protective order shall preclude any party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure or from filing a motion with respect to the manner in which confidential information shall be treated at trial.

SO ORDERED this __15th__ day of __May__, 2013.

BY THE COURT:

_____
U.S. District Court Judge

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO