**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Robert E. Blackburn**

Civil Action No. 1:12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS,

      Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY

      Defendant.

_____

**ORDER GRANTING DEFENDANT'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**
_____

**Blackburn, J.**

      This matter is before me on the **Defendant Auto-Owners Insurance's Motion**

**for Partial Summary Judgment** [#18][1] filed November 29, 2012.  The plaintiff filed a

response [#19], and the defendant filed a reply [#24].  I grant the motion.[2]

## I.  JURISDICTION

      I have jurisdiction over all claims asserted in this case under 28 U.S.C. § 1332

(diversity of citizenship).

---

      [1]  "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

      [2]  The issues raised by and inherent to the motion for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motion stands submitted on the briefs. *Cf.* FED. R. CIV. P. 56(c) and (d). *Geear v. Boulder Cmty. Hosp.,* 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).

## II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).  A dispute is "genuine" if the issue could be resolved in favor of either party. **Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.**, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); **Farthing v. City of Shawnee**, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  **Anderson v. Liberty Lobby, Inc.**, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed. 202 (1986); **Farthing**, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  **Concrete Works, Inc. v. City & County of Denver**, 36 F.3d 1513, 1517 (10th Cir. 1994), **cert. denied**, 115 S.Ct. 1315 (1995).  By contrast, a movant who bears the burden of proof must submit evidence to establish every essential element of its claim or affirmative defense.  **See In re Ribozyme Pharmaceuticals, Inc. Securities Litigation**, 209 F.Supp.2d 1106, 1111 (D. Colo. 2002).  In either case, once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  **Concrete Works**, 36 F.3d at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  **Simms v. Oklahoma ex rel Department of Mental Health and Substance Abuse Services**, 165 F.3d 1321, 1326 (10th Cir.), **cert. denied**, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not

competent summary judgment evidence.  *Rice v. United States*, 166 F.3d 1088, 1092 (10th Cir.), *cert. denied*, 120 S.Ct. 334 (1999).

### III.  FACTS

The facts described below are undisputed.  The plaintiff, Hossein Bagher, is the sole proprietor of Cherry Creek Oriental Rugs (CCOR).  Through his business, the plaintiff specializes in the sale of high quality Persian rugs in Denver, Colorado.  On March 17, 2009, the defendant, Auto-Owners Insurance Company (Auto-Owners), issued to Mr. Bagher and CCOR an insurance policy for the period  May 1, 2009, to May 1, 2010 (the Policy).  The Policy includes a "Legal Actions Against Us" section which states that any action against Auto-Owners concerning the Policy must be "brought within 2 years after the date on which the direct physical loss or damages occurred."[3]

On August 20, 2009, approximately sixty rugs in the possession of CCOR were damaged when water leaked into the basement of CCOR's building (the 2009 Loss).  The source of the water was determined to be either a leaking pipe or a broken sprinkler outdoors.  On August 30, 2009, CCOR provided notice of this loss to Auto-Owners.  CCOR sent the sixty damaged rugs to Robert Mann Oriental Rugs for cleaning and repair.  Eleven of the rugs were determined to be non-salvageable.  CCOR presented to Auto-Owners a claim for the eleven non-salvageable rugs.   Auto-Owners obtained an appraisal of those rugs from Woven Passion Rugs.  The appraisal showed the value on the rugs to be between 137,000 dollars and 167,500 dollars.

---

[3]See Commercial Property Conditions attached to Defendant's Motion for Partial Summary Judgment [#18] as Exhibit 2, at A-O (Bagher) 000798.

After the appraisal, Mr. Bagher completed a proof of loss letter to the defendant, valuing the rugs at 167,500 dollars. This letter was received by Auto-Owners and was not immediately rejected. On July 13, 2010, Auto-Owners released 40,000 dollars to Mr. Bagher and on August 18, 2010, Auto-Owners released on additional 44,000 dollars to Mr. Bagher, after receiving invoices and other documents from Mr. Bagher.

Gabriel Negron-Rodriguez, an adjuster employed by Auto-Owners, was managing Mr. Bagher's claim. On October 19, 2010, Mr. Negron-Rodriguez requested authority to release an additional 78,400 dollars to Mr. Bagher. That authority was denied, and Auto-Owners directed Mr. Negron-Rodriguez to conduct further investigation of the claim. Ultimately, Mr. Bagher says, Auto-Owners paid over 90,000 dollars to cover the 2009 Loss. However, Mr. Bagher contends he has demonstrated that he is entitled to additional coverage for the 2009 Loss.

Over the next year, Auto-Owners continued to investigate the 2009 Loss but never made another payment to Mr. Bagher. Over this time period, Mr. Negron-Rodriguez made several requests to his supervisor seeking permission to make additional payments to Mr. Bagher to resolve the claim. Mr. Negron-Rodriguez was told to investigate further and to hire an accounting firm to evaluate the invoices and financial materials submitted by Mr. Bagher. Additionally, Auto-Owners conducted an Examination Under Oath (EUO) of Mr. Bagher to determine the value of an additional rug that was deemed unsalvageable and whether CCOR could was able to support a loss of more than 88,000 dollars.

On January 13, 2012, Auto-Owners denied any additional coverage beyond the approximately 90,000 dollars previously paid.[4] Auto-Owners reasoned that Mr. Bagher

---

[4] *Response* [#19], Exhibit 24.

had not substantiated his entitlement to additional payments in his EUO or with other evidence.

In Auto-Owners' various letters to Mr. Bagher concerning his claim, Auto-Owners states specifically that: "No action by any employee, agent, attorney or other person on behalf of Auto-Owners Insurance Company; or hired by Auto-Owners Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy."[5]  In the January 13, 2012, letter to Mr. Bagher, Auto-Owners explicitly reserved all rights, terms, conditions, and exclusions in the Policy.

On March 6, 2012, Mr. Bagher filed this lawsuit alleging (1) breach of express contract; (2) bad faith breach of insurance contract;  and (3) a statutory claim for unreasonable delay or denial of insurance benefits under §§10-3-1115 and 10-3-1116, C.R.S.  Auto-Owners argues that it is entitled to summary judgment on the breach of contract claim concerning the 2009 Loss because this suit was filed after the expiration of the two year limitations period provided in the policy.

Mr. Bagher asserts the same three claims concerning a 2011 loss and Auto-Owner's failure to provide coverage for that loss.  Auto-Owners does not seek summary judgment as to the claims based on the 2011 loss.

## IV.  CONTRACTUAL PERIOD OF LIMITATION

Auto-Owners argues that Mr. Bagher's claim is barred by the Policy's two year period of limitation.  Generally, in Colorado, the statute of limitations applicable to breach of contract claims provides that all contract suits "shall be commenced within

---

[5]    Letter to Plaintiff and Plaintiff's counsel dated March 28, 2011, attached to Plaintiff's Response [#19] as Exhibit 15; *see also,* letter to Plaintiff's counsel dated July 22, 2011, attached to Plaintiff's response [#19] as Exhibit 18.

three years after the cause of action accrues, and not thereafter." §13-80-101(1)(a), C.R.S.  However, the parties to a contract can limit this time period so long as the limitation is not prohibited by statute and is not unreasonable.  *See Kesling v. American Family Mut. Ins. Co.*, 861 F. Supp. 2d 1274, 1281 (D. Colo. 2012); *Great Family Farms, Inc. v. Colorado Farm Bureau Mut. Ins. Co.*, 155 P.3d 537, 539 (2006) ("[P]arties to a contract may require that actions founded on the contract be commenced within a shorter period of time than that prescribed by the applicable statute of limitations").  The reasonableness of the two year period of limitation is not at issue here, and similar provisions have been found to be valid.  *See Kesling*, 861 F. Supp. 2d at 1281 (one-year contractual limitation was not contrary to Colorado Law).

## V.  Analysis

The 2009 Loss occurred on August 20, 2009.  The two year period of limitation began to run on that date.  This lawsuit was filed on March 6, 2012, more than two years after the date of the loss.  On this basis, Auto-Owners argues that the breach of contract claim concerning the 2009 Loss must be dismissed because it was not timely filed.

Mr. Bagher argues that Auto-Owners waived the two year period of limitation. According to Mr. Bagher, Auto-Owners' partial payments on the claim and continued efforts to evaluate and adjust the claim during the two year limitations period demonstrate Auto-Owners' waiver of the two year provision.   These actions continued during the entire two year period and continued for several months after the two year period expired.  Auto-Owners did not explicitly deny further liability on the claim until January 13, 2012.  In its denial letter, Auto-Owners asserted that Mr. Bagher had failed

to show that his "replacement cost exceeded (the) amount which Auto-Owners has already tendered."[6]

Under Colorado law, waiver "is the intentional relinquishment of a known right or privilege. Waiver may be explicit, or it may be implied by a party's conduct if the conduct is unambiguous and clearly manifests an intention not to assert the right or if it is inconsistent with assertion of the right." *NationsBank of Georgia v. Conifer Asset Mgmt. Ltd.*, 928 P.2d 760, 763 (Colo. Ct. App. 1996).  Here, Auto-Owners' various letters to Mr. Bagher concerning his claim state specifically that: "No action by any employee, agent, attorney or other person on behalf of Auto-Owners Insurance Company; or hired by Auto-Owners Insurance Company on your behalf; shall waive or be construed as having waived any right, term, condition, exclusion or any other provision of the policy."[7]  In the January 13, 2012, letter to Mr. Bagher, Auto-Owners explicitly reserved all rights, terms, conditions, and exclusions in the Policy.[8]  Given these repeated statements, Auto-Owners' actions did not clearly manifest an intention to waive the Policy's two year period of limitation.  Rather, Auto-Owner's written statements repeatedly indicate its intention to preserve its rights under the Policy.

Mr. Bagher claims Auto-Owners' conduct reasonably led him to believe that his claim was in the final stages of resolution and that the filing of a timely lawsuit was not necessary.  In addition, Mr. Bagher contends Auto-Owners' reliance on the suit limitation provision is not logical because Mr. Bagher could not assert a breach of contract claim until Auto-Owners breached the contract.  In Mr. Bagher's view, there

---

[6]     *Response* [#19], Exhibit 24.

[7]     *See* footnote 5, *supra.*

[8]     *Response* [#19], Exhibit 24.

was no breach of the Policy until Auto-Owners denied further coverage on January 13, 2012.  Mr. Bagher argues, in essence, that Auto-Owners should not be permitted to string him along until the two year limitation period expired and then breach the Policy, leaving Mr. Bagher with no remedy for the breach.  I disagree.

Auto-Owners' actions after August 18, 2010, when a total of about 90,000 dollars had been paid on the claim, show its reluctance to pay any further money on the claim. Auto Owners refused to make additional payments to Mr. Bagher even though Mr. Bagher contended he had provided sufficient evidence of the amount of the 2009 Loss and was entitled to substantial additional payments from Auto-Owners.   From Mr. Bagher's perspective, Auto-Owners' long delay in making payments would constitute a breach of contract.  Mr. Bagher could have brought suit then, well within the two year period of limitation.

Additionally, Auto-Owners' investigations, internal communications, and adjustments of the claim do not prevent Auto-Owners from enforcing the two year period of limitation.  "Mere good faith negotiations, as opposed to an actual settlement offer, do not estop a defendant from asserting a limitations defense, in absence of an express promise or agreement not to assert the statute."  ***Tri-State Generation and Transmission Ass'n, Inc. v. Union Pacific R. Co.*** , 2009 WL 1099013, *5 (2009), (***citing Dove v. Delgado***, 808 P.2d 1270, 1275 (1991)).[9]  There is no evidence in the record which shows any such promise or agreement by Auto-Owners or any hindrance to the plaintiff's ability to bring suit prior to the expiration of the two year limitation period.

---

[9]    Mr. Bagher does not contend that Auto-Owners is estopped from enforcing the two year limitation period.

Viewing the undisputed facts in the record in the light most favorable to Mr. Bagher, I conclude that no reasonable fact finder could find in favor of Mr. Bagher on his contention that Auto-Owners waived enforcement of the Policy's two year period of limitation.  It is undisputed that Mr. Bagher's breach of contract claim based on the 2009 Loss first was filed after the two year limitation period had expired.  Absent a waiver by Auto-Owners, that claim is barred by the two year limitation period.  Thus, Auto-Owners is entitled to summary judgment on Mr. Bagher's breach of contract claim based on the 2009 Loss.

## VI.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the motion for partial summary judgment [#18], filed November 29, 2012, by defendant Auto-Owners Insurance Company is **GRANTED**; and

2.  That the plaintiff's breach of contract claim against defendant Auto-Owners Insurance Company based on the loss suffered by the plaintiff on August 20, 2009, is **DISMISSED** with prejudice.

Dated June 18, 2013, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge