IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Action No. 1:12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO EXCLUDE HARRY L. ARKIN AS AN EXPERT WITNESS AND TO STRIKE OPINIONS OF DAVID PETERSON

**Blackburn, J.**

The matter before me is **Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and To Strike Opinions of David Peterson** [#43][1] filed May 24, 2013. The defendant filed a response [#49]. I grant the motion in part.

### I. JURISDICTION

I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

The plaintiff seeks to exclude the testimony of two of the defendant's expert witnesses. Rule 702 of the Federal Rules of Evidence, which governs the admissibility of expert witness testimony, provides:

---

[1] "[#43]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

FED.R.EVID. 702.  As interpreted by the Supreme Court, Rule 702 requires that an expert's testimony be both reliable and relevant.  ***Daubert v. Merrell Dow Pharmaceuticals, Inc.***, 509 U.S. 579, 589-92, 113 S.Ct. 2786, 2795-96, 125 L.Ed.2d 469 (1993); ***Truck Insurance Exchange v. MagneTek, Inc.,*** 360 F.3d 1206, 1210 (10th Cir. 2004).  The Supreme Court has described the court's role in weighing expert opinions against these standards as that of a "gatekeeper."  ***See Kumho Tire Company, Ltd. v. Carmichael***, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 142 L.Ed.2d 248 (1999).  Generally, "rejection of expert testimony is the exception rather than the rule."  ***United States v. Nacchio***, 519 F.3d 1140, 1154 (10th Cir. 2008), *vacated in part on rehearing en banc*, 555 F.3d 1234 (10th Cir. 2009); FED.R.EVID. 702, 2000 Advisory Comm.'s Notes.

### III.  BACKGROUND

This case arises from an insurance claim for damage to rugs in the plaintiff's retail store, Cherry Creek Oriental Rugs (CCOR).  In 2009, about 60 rugs were damaged when water entered the building where CCOR was located.  At the time of the loss, the plaintiff was covered by an insurance policy issued by the defendant, Auto-

Owners Insurance Company.  Auto-Owners provided some coverage for the loss, but denied additional coverage.  The plaintiff, Hossein Bagher, claims he is entitled to additional coverage for this loss.  Mr. Bagher asserts three claims: (1) breach of express contract; (2) bad faith breach of insurance contract; and (3) a statutory claim for unreasonable delay or denial of insurance payments under §§10-3-1115 and 10-3-1116, C.R.S.

Auto-Owners argues that Mr. Bagher is not entitled to additional coverage because, *inter alia*, there is no coverage for damage or loss to property that is contraband or property involved in illegal transport or trade.  This provision of the insurance policy was raised as a defense by Auto-Owners.[2]  Auto-Owners contends that the rugs for which Mr. Bagher seeks coverage were involved in illegal transport or trade.  In his motion, Mr. Bagher challenges the admissibility of expert testimony from Harry L. Arkin and David Peterson, which testimony Auto-Owners proposes to present in support of this defense.

## IV.  ANALYSIS

Auto-Owners designated Harry L. Arkin, Esq. as a may call expert witness.  Mr. Arkin is an attorney with extensive experience in the areas of international trade and business law, including experience with an Iranian company.  It is anticipated that Mr. Arkin will testify consistent with his report dated March 15, 2013.[3]  In his report, Mr. Arkin expresses several legal conclusions addressing two basic points.  First, Mr. Arkin

---

[2]*See* Auto-Owners' Amended Answer and Jury Demand [#23] at 7 para. 13.

[3]*See* "Opinion regarding possible violations of the laws of Colorado and the United States of America (USA) by Hossein Bagher – related to purchases, importation of, and transmission of money in payments for, Persian rugs imported into the United States" attached to Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and to Strike Opinions of David Peterson [#43] as Exhibit 2.

3

says Mr. Bagher, in his purchase of the rugs at issue, violated both Colorado and federal statutes relating to licensing or registration of money transmitters. Second, Mr. Arkin says some of the rugs in question were purchased in violation of a federal regulation known as the Iranian Transactions Regulation (ITR) because the purchase dates for some of the rugs likely fell within the time periods when the ITR prohibited importation of rugs from Iran. The plaintiff objects to the admission of this evidence as unnecessary, irrelevant, and unsupported by evidence. I agree that Mr. Arkin's testimony must be limited.

It is "the court's duty to set forth the law" applicable to the facts presented at trial. **Specht v. Jensen**, 853 F.2d 805, 808 (10th Cir. 1988) (en banc), **cert. denied**, 109 S.Ct. 792 (1989). Generally, it is improper for an expert witness to opine about what law is applicable to a case on trial. Of course, expert testimony concerning factual questions often is permissible. However, there is a significant danger of confusion inherent in allowing expert testimony about legal conclusions to be drawn from particular facts. "The basis for this distinction is that testimony on the ultimate factual questions aids the jury in reaching a verdict; testimony which articulates and applies the relevant law, however, circumvents the jury's decision-making function by telling it how to decide the case." *Id*. at 808. "While expert witnesses may testify to the ultimate matter at issue . . . this refers to testimony on ultimate facts; testimony on ultimate questions of law; i.e., legal opinions and conclusions, is not favored." **Anderson v. Suiters**, 499 F.3d 1228, 1237 (10th Cir. 2007).

The **Specht** court described the line between admissible and excludable testimony as follows:

> an expert's testimony is proper under Rule 702 if the expert does not

>attempt to define the legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.

*Id.* at 809-10.

Much of Mr. Arkin's proposed testimony contravenes these principles. First, Mr. Arkin outlines in his report a number of statutes and regulations which he believes are applicable to the facts of this case. Second, Mr. Arkin opines that Mr. Bagher violated Colorado and federal statutes and regulations concerning the licensing or registration of money transmitters. Third, Mr. Arkin opines that at least some of Mr. Bahger's purchases of rugs from Iran violated certain laws, including the Iranian Transaction Regulation. In fact, Mr. Arkin states such legal conclusions several times throughout his report.[4] Allowing Mr. Arkin to testify to opinions of this type would usurp the court's role as the sole source of the legal principles governing this case and would direct the jury as to how they should find with regard to these issues.[5] To allow Mr. Arkin to determine the applicable law and to apply that law to the facts of this case is not permissible under ***Specht*** and its progeny. ***Okland Oil Co. v. Conoco Inc.***, 144 F.3d 1308, 1328 (10th Cir. 1998) ("Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts.").

The plaintiff argues also that the opinions of David F. Peterson must be excluded

---

[4]*See* "Opinion regarding possible violations of the laws of Colorado and the United States of America (USA) by Hossein Bagher – related to purchases, importation of, and transmission of money in payments for, Persian rugs imported into the United States" attached to Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and to Strike Opinions of David Peterson [#43] as Exhibit 2 at 5 - 6.

[5]The parties may, of course, ask this court to take judicial notice of the relevant law under Rule 201 of the Federal Rules of Evidence.

5

to the extent Mr. Peterson's opinions are based on the inadmissible opinions of Mr. Arkin.  In his report, Mr. Peterson relies on Mr. Arkin's opinions concerning the legality of the transactions in question.[6]   In forming an opinion, an expert may rely on a variety of facts and data from a variety of sources.  If the facts or data on which an expert relies are

> of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Fed. R. Evid. 703.  Rule 703 provides limitations on the admission of otherwise inadmissible facts and data on which an expert relies.

Under Rule 703, the opinions of Mr. Peterson may be admissible even though some of those opinions are based on the inadmissible opinions of Mr. Arkin.  On the current record, I cannot conclude that these opinions are inadmissible because these opinions were formed in reliance on Mr. Arkin's inadmissible opinions.  Thus, Mr. Bagher's motion to exclude Mr. Person's opinions is denied without prejudice.

Finally, I note the plaintiff's arguments that Mr. Arkin's opinions are not supported by the evidence and are unrelated to any fact issue in this case.  Given my conclusions expressed above, I do not address these arguments as possible alternative bases for the exclusion of Mr. Arkin's legal opinions.

## V. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and To Strike Opinions of David Peterson**  [#43] filed May 24, 2013, is **GRANTED** in

---

[6]*See* "Expert Report of David F. Peterson for Defendant" attached to Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and to Strike Opinions of David Peterson [#43] as Exhibit 3, at 32: 15-26.

6

part;

      2. That under Fed. R. Evid. 702, the proposed expert testimony of Harry L. Arkin is **EXCLUDED** to the extent Mr. Arkin expresses opinions that particular statutory, regulatory, or other law is applicable to this case;

      3. That under Fed. R. Evid. 702, the proposed expert testimony of Harry L. Arkin is **EXCLUDED** to the extent Mr. Arkin expresses opinions describing the nature and effect of particular laws he opines are applicable to this case;

      4. That under Fed. R. Evid. 702, the proposed expert testimony of Harry L. Arkin is **EXCLUDED** to the extent Mr. Arkin expresses opinions that certain facts in this case demonstrate a violation of the law; and

      5. That otherwise, the **Plaintiff's Motion to Exclude Harry L. Arkin as Expert Witness and To Strike Opinions of David Peterson** [#43] filed May 24, 2013, is **DENIED**.

      Dated September 6, 2013, at Denver, Colorado.

                                            **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge