IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00980-REB-KLM

HOSSEIN BAGHER, doing business as Cherry Creek Oriental Rugs,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Limited Extension of Discovery Regarding New Evidence** [Docket No. 56; Filed July 25, 2013] (the "Motion"). On August 19, 2013, Defendant filed a Response in opposition to the Motion [#58]. On September 4, 2013, Plaintiff filed a Reply [#59]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises.

**I. Background**

In short, in this lawsuit Plaintiff seeks payment from his insurance company for damages resulting from two water leaks, one in 2009 and one in 2011, at Plaintiff's rug store. *See Compl.* [#13]. On June 27, 2012, the Court entered a Scheduling Order [#17] in this matter. In that Order, the Court set the following deadlines: (1) Affirmative Expert Disclosure Deadline of February 26, 2013; (2) Rebuttal Expert Disclosure Deadline of

March 28, 2013;[1] (3) Discovery Deadline of April 26, 2013; and (4) Dispositive Motions Deadline of May 24, 2013. At Plaintiff's request, the discovery deadline was later extended from April 26, 2013 to May 24, 2013. *Motion for Extension of Time* [#31]; *Minute Order* [#33].

A primary focus of discovery in this litigation revolved around damages sustained by Plaintiff's store, including the growth of mold. However, Plaintiff avers that after the instigation of this litigation, he began having breathing problems and sought hospital treatment. *Motion* [#56] at 2. Although Plaintiff was provided with treatment, his physicians were uncertain as to what was causing this problem. *Id.* It was not until May 15, 2013 that one of Plaintiff's physicians determined that scarring on Plaintiff's lung was likely due to mold exposure. *Id.* at 2-3. The following week, Defendant moved for and was granted an extension of the discovery deadline from May 24, 2013 to June 28, 2013, based on the need to depose witnesses after mediation proved unsuccessful. *Motion for Extension of Time* [#41]; *Minute Order* [#44]. Plaintiff avers that he also used the extension sought by Defendant to request and compile medical records to verify Plaintiff's diagnosis.[2] *Motion* [#56] at 3. On June 28, 2013, Defendant again sought and received an extension of the discovery deadline from June 28, 2013 to July 31, 2013, in order to complete depositions of witnesses who had run into scheduling problems. *Motion for Extension of Time* [#51]; *Minute Order* [#53]. The Court warned the parties at that time that no further extensions

---

[1] The expert disclosure deadlines were later extended by two weeks, to March 12, 2013 and April 11, 2013, respectively. *Minute Order* [#30].

[2] Plaintiff asserts that there were approximately 1,100 pages of medical records to compile and review. *Motion* [#56] at 3.

of time would be permitted. *Minute Order* [#53]. Meanwhile, Defendant had also sought and received a continuance of the Jury Trial set before the District Judge, from August 19, 2013 to March 31, 2014. *Orders* [#15, #46, #47]. The extension was sought in part for Defendant's counsel's personal reasons and in part based on Defendant's acknowledgment of the ongoing research into Plaintiff's newly-diagnosed medical issue. *Motion to Continue* [#46].

On July 25, 2013, before the discovery deadline passed, Plaintiff filed the present Motion seeking a limited extension of the discovery deadline for the purpose of designating expert witnesses.[3] *Motion* [#56]. Plaintiff points out that he could not have sought extensions of the expert disclosure deadlines before they passed because Plaintiff's diagnosis relating to mold exposure had not occurred until approximately two months after the affirmative expert disclosure deadline passed in this case. As a result, Plaintiff seeks a modification of the Scheduling Order to extend the affirmative expert designation deadline for the limited purpose of designating one additional retained expert witness and up to three non-retained expert witnesses, and for unspecified additional discovery. *Motion* [#56] at 3.

## I. Analysis

The Court may modify its scheduling orders on a showing of good cause. *See* Fed. R. Civ. P. 16(b)(4); D.C.COLO.LCivR 16.1. Whether to modify a scheduling order "to extend or reopen discovery is committed to the sound discretion" of the Court. *Smith v.*

---

[3] Plaintiff's request necessarily involves three different deadlines: the deadline to designate affirmative experts, the deadline to designate rebuttal experts, and the discovery deadline. Plaintiff fails to specify what type of additional discovery is sought.

*United States*, 834 F.2d 166, 169 (10th Cir. 1987). When exercising its discretion, the Court considers the following factors: (1) whether trial is imminent; (2) whether the request to reopen or extend discovery is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the Court; (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the Court; and (6) the likelihood that the discovery will lead to relevant evidence. *Id.* (citations omitted).

With regard to the first *Smith* factor, trial is currently set to begin on March 31, 2014. *Order* [#47]. Defendant argues that "[g]iven the complexity of the causation issues that this new damages theory would inject into the case, the current trial date would almost certainly need to be vacated." *Response* [#58] at 11. Plaintiff replies that, "the issue of Plaintiff's bodily injury damages is not nearly as complicated as [Defendant] makes it out to be. The parties have more than enough time to endorse a handful of expert witnesses and depose Plaintiff's medical providers without affecting the current trial date." *Reply* [#59] at 3. Although allowing additional discovery at this stage of the proceedings would create tight deadlines, the Court cannot find that trial is so imminent as to weigh against reopening discovery for the limited purpose sought by Plaintiff. Therefore, the Court finds that there is adequate time to complete discovery on this limited topic. Accordingly, the first *Smith* factor weighs in favor of reopening discovery.

With regard to the second factor, Defendant "strongly" opposes Plaintiff's request to reopen discovery. *Response* [#59] at 11. Accordingly, the second *Smith* factor weighs against reopening discovery.

With regard to the third factor, Defendant asserts that reopening discovery would

cause it "undue prejudice." *Id.* With no specificity, Defendant asserts that it "believes that reopening discovery would cause undue prejudice to the defense in the form of additional unwarranted delay in the resolution of this case and the additional time and expense related to litigating this newly raised issue." *Id.* Defendant has not adequately explained to the Court why further delay in this case would be prejudicial, especially considering that Defendant has previously sought and been granted a continuance of the trial date. *Motion to Continue Jury Trial* [#46]; *Order* [#47]. In fact, on May 28, 2013, Defendant argued on Plaintiff's behalf that "if a continuance is denied, Plaintiff would be unable to pursue a potential element of his damages" and that a continuance would "not cause any prejudice to any party." *Id.* at 5. Defendant has not explained how circumstances have changed since that time. Further, as to the additional time and expense raised by Defendant, "[t]his Court has noted on multiple occasions that the ordinary burdens associated with litigating a case do not constitute undue burden" when considering prejudice to Defendant under the *Smith* factors. *Lord v. Hall*, No. 10-cv-02695-PAB-KLM, 2011 WL 3861569, at *2 n.2 (D. Colo. Sept. 1, 2011). The Court therefore agrees with Plaintiff and finds that Defendant will not be unduly prejudiced if discovery is reopened on a limited basis. Accordingly, the third *Smith* factor weighs in favor of reopening discovery.

With regard to the fourth factor, based on the pleadings filed in this case, it appears to the Court that Plaintiff was diligent in his attempt to obtain information on the issue of damages before the expiration of the deadline for the completion of discovery. The Court of Appeals for the Tenth Circuit has explained that "[d]emonstrating good cause under [Rule 16(b)(4)] 'requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay.'"

*Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (quoting *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994)). Plaintiff avers that the first physician to diagnose that Plaintiff's condition was caused by mold did so in mid-May 2013. *Motion* [#56] at 2-3. Defendant responds that, "as early as May 2011, Plaintiff was seeking medical treatment for his lung condition and repeatedly advised his treatment providers of his belief that he had been exposed to mold as a result of the January 2011 incident." *Response* [#58] at 10. Plaintiff sagely replies that, "[s]imply put, there is a world of difference between a lay person's suspicions of what is causing his symptoms and a medical doctor's diagnosis of that cause." *Reply* [#59]. The Court finds Plaintiff's argument compelling. However, even more compelling is Defendant's statement in favor of its prior request to continue trial:

> [T]he parties have diligently developed their respective claims and defenses in preparation for trial. However, the request for a continuance was precipitated by very recent and unforeseen issues. . . . Plaintiff just learned of the potential correlation between his current medical problems and exposure to mold [the week before May 24, 2013]. Therefore, although a continuance may be properly denied when it is necessitated by the parties' lack of diligence, this is not such a case.

This assertion weighs heavily in favor of finding that Plaintiff has been diligent in this matter.

Plaintiff does not specifically address why he previously did not seek an extension of expert deadlines when other deadlines were extended. However, the Court notes that while Plaintiff sought and received the first extension of the discovery deadline from April 26, 2013 to May 24, 2013, *Motion for Extension of Time* [#31], Defendant sought the second two extensions of the discovery deadline. *Motion for Extension of Time* [#41] (seeking and obtaining an extension of the discovery deadline from May 24, 2013 to June 28, 2013); *Motion for Extension of Time* [#51] (seeking and obtaining an extension of the

discovery deadline from June 28, 2013 to July 31, 2013). Plaintiff asserts that he used this time to request and compile records and then to review them and obtain verification of Plaintiff's diagnosis. *Motion* [#56] at 3. Although Plaintiff certainly could have been more diligent about seeking a resetting of the affirmative expert designation deadline, it appears that he was not idle after Plaintiff's diagnosis. In light of this review of the record, the Court finds that the fourth *Smith* factor weighs in favor of reopening discovery.

With regard to the fifth factor, the Court finds that because Plaintiff did not receive a diagnosis from his physician that his lung condition was related to mold, and therefore related to this lawsuit, until mid-May 2013, long after the expert disclosure deadlines had passed, Plaintiff could not have anticipated the need for the additional requested discovery within the time allowed by the Court. As a result, the Court finds that the fifth *Smith* factor weighs in favor of reopening discovery.

Finally, with regard to the sixth factor, the Court finds that reopening discovery regarding the limited topic of Plaintiff's alleged lung damage is likely to lead to relevant evidence. Defendant argues at length that "Plaintiff will be unable to form a cognizable medical causation theory linking the conduct of [Defendant] in handling his property damage claim in 2011 and his alleged present medical condition." *Response* [#58] at 12. Defendant further decries Plaintiff's theory because "the alleged causal connection . . . is incredibly convoluted, complicated, and attenuated." *Id.* at 11. In essence, Defendant asks the Court to pre-judge Plaintiff's contention without the benefit of additional discovery. Doing so would be improper. Moreover, relevance is a broad concept. Fed. R. Civ. P. 26(b)(1) permits discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party" and discovery of any information that "appears reasonably

calculated to lead to the discovery of admissible evidence." *See Williams v. Bd. of Cnty. Comm'rs*, 192 F.R.D. 698, 702 (D. Kan. 2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). Considering that "[l]imitations on the discovery process necessarily conflict with the 'fundamental principle that the public ... has a right to every man's evidence,'" the Federal Rules broadly define the scope of discovery. *Simpson v. Univ. of Colo.*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citing *Trammel v. United States*, 445 U.S. 40, 50 (1980)). Here, Plaintiff already has provided at least some evidence that his lung condition may have been caused by mold from his store. *See Ex.* [#56-1] at 7. While the Court does not comment on the ultimate admissibility or weight of this evidence, the Court finds that it is enough to demonstrate that further discovery may reveal facts relevant to Plaintiff's damages. Accordingly, the Court finds that the sixth *Smith* factor weighs in favor of reopening discovery.

Plaintiff specifically seeks "additional and limited discovery concerning his bodily injury damages, including the designation of one additional retained expert and up to three additional non-retained experts." *Motion* [#56] at 7. Because five of the six *Smith* factors weigh in favor of reopening discovery on the limited topic of Plaintiff's medical damages, the Court concludes that reopening discovery for the limited purpose of allowing Plaintiff to explore this topic is appropriate. However, the Court finds that Plaintiff has not been specific enough regarding the type of discovery he seeks and why he needs it. Accordingly, the Motion is **granted** only to the extent outlined below.

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#56] is **GRANTED in part** as follows: On or before **October 25, 2013**, Plaintiff may designate up to <u>three</u> additional affirmative expert witnesses relating to Plaintiff's alleged bodily injury damages. On or before **November 15, 2013**, Defendant may designate up to <u>three</u> additional rebuttal expert witness. The discovery deadline is extended to **December 6, 2013** for the sole purpose of deposing any newly designated expert witnesses, should the parties so choose. Further, given the tight schedule contemplated for the remainder of this lawsuit,

IT IS FURTHER **ORDERED** that any party seeking additional amendment of the Scheduling Order shall file a motion not exceeding five pages, all inclusive except for the certificate of service. If opposed, the opposing party may file a response of the same length within seven (7) calendar days. No reply will be permitted.[4]

IT IS FURTHER **ORDERED** that all other requested relief is **denied without prejudice**.

Dated: September 26, 2013

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

---

[4] The undersigned's discovery dispute procedures shall still be followed for all disputes that fall within its scope. See *Scheduling Order* [#17] at 10 (including language from *Order* [#7] at 2).