**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a Cherry Creek Oriental Rugs,

     Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

     Defendant.

---

**FINAL JUDGMENT**

---

This action was tried before a jury of eight duly sworn to try the issues herein with United States District Judge Robert E. Blackburn presiding, and the jury has rendered a verdict.  In accordance with the verdict of the jury and the orders filed during pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is entered.

1.  On June 18, 2013, the court entered its **Order Granting Defendant's Motion for Partial Summary Judgment** [#50] and dismissed with prejudice the breach of contract claim of the plaintiff against defendant Auto-Owners Insurance Company based on the loss suffered by the plaintiff on August 20, 2009.

2.  The jury found in favor of the plaintiff on his claim for breach of contract based on the loss suffered by the plaintiff in 2011 and awarded nominal damages in the amount of one dollar ($1.00).

3.  The jury found in favor of the defendant on the claim of the plaintiff for bad faith breach of insurance contract based on the loss suffered by the plaintiff in 2009.

4.  The jury found in favor of the defendant on the claim of the plaintiff for bad faith

breach of insurance contract based on the loss suffered by the plaintiff in 2011.

5.  The jury found in favor of the plaintiff on his claim for unreasonable denial of insurance benefits concerning his 2009 insurance claim and awarded damages in the amount of fifteen thousand dollars ($15,000.00).

6.  The jury found in favor of the plaintiff on his claim for unreasonable denial of insurance benefits concerning his 2011 insurance claim and awarded damages in the amount of one hundred fifteen thousand dollars ($115,000.00).

7.  Under §10-3-1116(1), C.R.S., the plaintiff is entitled to recover two times the covered benefit on his two claims for unreasonable denial of insurance benefits.

8.  Under §10-3-1116(1), C.R.S., the award of fifteen thousand dollars ($15,000.00) on the claim for unreasonable denial of insurance benefits concerning the 2009 claim of the plaintiff shall be doubled, resulting in an award of thirty thousand dollars ($30,000.00).

9.  Under §10-3-1116(1), C.R.S., the award of one hundred fifteen thousand dollars ($115,000.00) on the claim for unreasonable denial of insurance benefits concerning the 2011 claim of the plaintiff shall be doubled, resulting in an award of two hundred thirty thousand dollars ($230,000.00).

**THEREFORE, IT IS ORDERED** as follows:

1.  That judgment is **ENTERED** for the defendant, AUTO-OWNERS INSURANCE COMPANY, against the plaintiff, HOSSEIN BAGHER, on (a) the breach of contract claim of the plaintiff against defendant Auto-Owners Insurance Company based on the loss suffered by the plaintiff on August 20, 2009; (b) the claim of the plaintiff for bad faith breach of insurance contract based on the loss suffered by the plaintiff in 2009; and (c) the claim of the plaintiff for bad faith breach of insurance contract based on the loss

2

suffered by the plaintiff in 2011;

2.  That judgment is **ENTERED** for the plaintiff, HOSSEIN BAGHER, against defendant, AUTO-OWNERS INSURANCE COMPANY, on (a) the claim of the plaintiff for breach of insurance contract based on the loss suffered by the plaintiff in 2011; (b) the claim of the plaintiff for unreasonable denial of insurance benefits concerning his 2009 insurance claim; and (c) the claim of the plaintiff for unreasonable denial of insurance benefits concerning his 2011 insurance claim;

3.  That judgment is **ENTERED** for plaintiff, HOSSEIN BAGHER, against defendant, AUTO-OWNERS INSURANCE COMPANY, in the amount of two hundred sixty thousand one dollars ($260,001.00), plus post-judgment interest at the rate of 0.10 percent per year;

4.  That the plaintiff is **AWARDED** his costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5.  That any request for attorney fees and additional costs and expenses **SHALL BE MADE** in the manner prescribed by the law applicable to the request.

DATED at Denver, Colorado, this 1st day of May, 2014.

FOR THE COURT:

Jeffrey P. Colwell, Clerk

By: s/Kathleen Finney
       Kathleen Finney
       Deputy Clerk

Robert E. Blackburn
United States District Judge

APPROVED BY THE COURT:

3