**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

**Blackburn, J.**

    The matter before me is the **Defendant's Motion for New Trial** [#126][1] filed May 29, 2014. The plaintiff filed a response [#134], and the defendant filed a reply [#136]. I deny the motion.

## I. STANDARD OF REVIEW

    When a case has been tried to a jury, a new trial may be granted "for any reason for which a new trial has heretofore been granted in an action at law in federal court." FED. R. CIV. P. 59(a)(1). In general, a motion for new trial "is not regarded with favor and should only be granted with great caution." ***United States v. Kelley***, 929 F.2d 582, 586 (10th Cir.), ***cert. denied***, 502 U.S. 926 (1991). The decision whether to grant a new trial is committed to the sound discretion of the trial court. ***Id.***

    The defendant, Auto-Owners Insurance Company, seeks a new trial based on its

---

[1] "[#126]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

contention that the verdicts of the jury on two different but related claims are inconsistent. "A party's failure to object to a general jury verdict on the ground of inconsistency before the jury is discharged constitutes waiver, unless the verdict is inconsistent on its face such that entry of judgment upon the verdict is plain error." **Oja v. Howmedica, Inc.**, 111 F.3d 782, 790 (10th Cir.1997). In the present case, the defendant did not object on the ground of inconsistency before the jury was discharged. The parties agree that the defendant is not entitled to relief unless it demonstrates that the verdict in this case is inconsistent on its face.

> "A verdict that resolves separate and distinct causes of action in favor of both parties is not inconsistent on its face." **Harris Mkt. Research v. Marshall Mktg. & Communications, Inc.**, 948 F.2d 1518, 1522 (10th Cir.1991). In contrast, when "several causes of action are identical and defended on the same ground, a verdict for the plaintiff on one cause of action and for the defendant on another is inconsistent." **Diamond Shamrock Corp.** [**v. Sinke & Trumbo, Ltd.**], 791 F.2d [1416, 1425 (10th cir. 1986).]

**Oja**, 111 F.3d at 790-91.

A trial court has a duty to attempt to reconcile the verdict of a jury to avoid a retrial. **Harris Market Research v. Marshall Marketing & Comm. Inc.**, 948 F.2d 1518, 1522 (10th Cir. 1991). In deference to the jury, the must court accept any reasonable explanation that reconciles the verdict. **Domann v. Vigil**, 261 F.3d 980, 983 (10th Cir. 2001). To order a new trial, the verdict must be "logically incompatible, thereby indicating that the jury was confused or abused its power." **Johnson v. Ablt Trucking Co.**, 412 F.3d 1138, 1144 (10th Cir. 2005) (internal quotation and citation omitted). "A verdict is irreconcilably inconsistent only when the essential controlling findings are in conflict, the jury has utterly failed to perform its function of determining the facts, and its verdict is a nullity." **Id**. (internal quotation and citation omitted).

## II.  ANALYSIS

This case arises from two water losses suffered by the plaintiff, Hossein Bagher, in his rug store. The first loss occurred in August 2009, when a sprinkler pipe in the basement of the store leaked and damaged several handmade rugs.  The second loss occurred in January 2011, when a pipe supplying water to the swamp cooler froze and burst, causing damage to the interior of the store and a number of additional rugs.  Only the 2011 loss is at issue in the present motion.

Mr. Bagher submitted a claim for the 2011 loss to his insurer, defendant Auto-Owners Insurance Company.  Mr. Bagher claimed Auto-Owners failed to pay benefits on this claim when they were due. Thus, Mr. Bagher asserted claims for breach of insurance contract and common-law insurance bad faith.  In addition, Mr. Bagher asserted a statutory claim for unreasonably delay or denial of insurance benefits under §10-3-1116, C.R.S.

In its verdict, the jury found in favor of Mr. Bagher on his breach of insurance contract claim.  *Verdict Form* [#114-6], p. 1.  However, the jury did not award general damages on this claim.  Rather, the jury awarded nominal damages of one dollar. *Id.*, p. 2.  However, the jury also found in favor of Mr. Bagher on his statutory claim for unreasonable denial of insurance benefits, which claim was based on the denial of payment on the 2011 insurance claim.  On the Verdict Form, the jury was asked: "What amount of insurance benefits concerning the 2011 claim, if any, do you find by a preponderance of the evidence were delayed or denied by Auto-Owners Insurance Company without a reasonable basis?" *Id.*, p. 6.  The jury answered: "$115,000.00."

Auto-Owners contends that the finding of only nominal damages on the contract claim is facially inconsistent with the finding of 115,000 dollars in damages on the

3

unreasonable denial of insurance benefits claim.  This is true, Auto-Owners contends, because a denial of 115,000 dollars in benefits on the 2011 claim would be a breach of the insurance contract with a value of 115,000 dollars.  Although the jury found there was a breach, they awarded only nominal damages.  If that is true, Auto-Owners contends, then the jury acted inconsistently when it awarded 115,000 dollars in damages on the unreasonable denial of benefits claim, which claim also was focused on the policy covering the 2011 loss.

I disagree with the view of Auto-Owners.  The finding of the jury that Auto-Owners breached the insurance contract and the finding of the jury that Auto-Owners unreasonably denied insurance benefits are consistent.  The only arguable inconsistency in the findings of the jury on these two claims is the amount of damages. Jury Instruction No. 27 provides a ready explanation.  Jury Instruction No. 27 read:

> To some extent, the plaintiff has sued for the same damages, losses, or injures on three different claims for relief.  The claims for relief on which the plaintiff has sued and on which you have been instructed are (1) breach of insurance contract; (2) bad faith breach of insurance contract; and (3) unreasonable denial of insurance benefits.  If you find for the plaintiff on more than one claim for relief, you may award him damages only once for the same damages, losses, or injuries.

Notably, the statute under which Mr. Bagher asserted his unreasonable denial of benefits claim provides for a similar limitation. "Damages awarded pursuant to this section shall not be recoverable in any other action or claim." §10-3-1116(4), C.R.S.

Particularly in light of Jury Instruction No. 27, I find that the verdict and relevant findings of the jury are consistent.  The jury found that Auto-Owners breached the insurance contract and unreasonably denied insurance benefits.  Consistent with Jury Instruction No. 27, the jury awarded damages only once for those two closely related wrongs.  This is a more than reasonable explanation which shows the verdict and

relevant findings of the jury to be consistent.

## IV.  CONCLUSION & ORDER

In the context of the claims asserted, the jury instructions, and the relevant findings of the jury, the verdict in this case is consistent.  Thus. there is no basis to overturn that verdict and to grant a new trial to the defendant.

**THEREFORE, IT IS ORDERED** that the **Defendant's Motion for New Trial** [#126] filed May 29, 2014, is denied.

Dated March 25, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge