**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING MOTION FOR ATTORNEY FEES**

---

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Attorney Fees** [#121][1] filed May 15, 2014. The defendant filed a response [#129], and the plaintiff filed a reply [#133]. I grant the motion.

## I. BACKGROUND

This case concerns two insurance claims made by the plaintiff, Hossein Bagher. The first insurance claim was made in 2009, and the second in 2011. At the conclusion of the jury trial in this case, the jury found in favor of the plaintiff, Hossein Bagher, on his claims for unreasonable denial of insurance benefits concerning the 2009 and 2011 insurance claims. Both claims were asserted under §10-3-1116, C.R.S. In addition, the jury found in favor of Mr. Bagher on his breach of insurance contract claim. The breach of contract claim concerned only the 2011 insurance claim. The jury found in favor of

---

[1] "[#121]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

the defendant, Auto-Owners Insurance Company, on the two bad faith breach of insurance contract claims asserted by Mr. Bagher. These two claims were also based on the 2009 and 2011 insurance claims. Mr. Bagher now requests an award of attorney fees as a portion of his statutory damages.

## II. STANDARD OF REVIEW

A plaintiff who successfully asserts a claim for unreasonable delay or denial of insurance benefits under §10-3-1116, C.R.S., may recover, *inter alia*, reasonable attorney fees as a part of damages. Thus, Mr. Bagher seeks an award of reasonable attorney fees under §10-3-1116.

The claims of Mr. Bagher, including his claim for an award of attorney fees, are claims under the laws of the state of Colorado. Therefore, Colorado law controls. In Colorado, if a statute providing for an award of reasonable attorney fees does not provide a definition of reasonableness, "the amount of the award must be determined in light of all the circumstances, based upon the time and effort reasonably expended by the prevailing party's attorney." **Tallitsch v. Child Support Services, Inc.**, 926 P.2d 143, 147 (Colo. App.1996) (internal quotation and citation omitted). Section 10-3-1116 does not provide a definition of reasonableness. Nevertheless, "[i]n awarding attorney fees, the trial court may consider, among other factors, the amount in controversy, the duration of representation, the complexity of the case, the value of the legal services to the client, and the usage in the legal community concerning fees in similar cases. No one of these factors is conclusive." **Melssen v. Auto-Owners Ins. Co.**, 285 P.3d 328,

339 (Colo. App.,2012) (citation omitted).[2]  "The party requesting an award of attorney fees bears the burden of proving by a preponderance of the evidence its entitlement to such an award." **American Water Development, Inc. v. City of Alamosa**, 874 P.2d 352, 383 (Colo. 1994)

The fact that a matter is handled by an attorney under a fee agreement does not, *per se*, require a court to award the amount to which the attorney and client agreed. **Spensieri v. Farmers Alliance Mutual Insurance Co.**, 804 P.2d 268, 271 (Colo. App.1990).  The general criterion for the court "is not what the parties agreed, but what reflects reasonable value for services rendered." ***Id***. (citing **Johnson v. Georgia Highway Express, Inc.**, 488 F.2d 714 (5th Cir.1974)).

The Colorado and federal standards for calculating reasonable attorney fees are essentially identical.  The starting point for any calculation is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate.  **Hensley v. Eckerhart**, 461 U.S. 424, 433 (1983); **Malloy v. Monahan**, 73 F.3d 1012, 1017-18 (10th Cir. 1996).  In determining the reasonable number of hours spent on the litigation, the applicant must exercise the same "billing judgment" as would be proper in setting fees for a paying client.  **Hensley**, 461 U.S. at 437; **Malloy**, 73 F.3d at 1018.  "'Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary*

---

[2]  Rule 1.5 of the Colorado Rules of Professional Conduct provides a similar list of factors.  "The factors to be considered in determining the reasonableness of a fee include the following:(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;(3) the fee customarily charged in the locality for similar legal services;(4) the amount involved and the results obtained;(5) the time limitations imposed by the client or by the circumstances;(6) the nature and length of the professional relationship with the client;(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and(8) whether the fee is fixed or contingent."

3

pursuant to statutory authority.'" **Hensley**, 461 U.S. at 434 (quoting **Copeland v. Marshall**, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)) (emphasis in **Copeland**). Counsel, therefore, must make a good faith effort to exclude hours that are "excessive, redundant or otherwise unnecessary." **Id**.

### III.  ANALYSIS

#### A.  Attorney Fees As Damages

Auto-Owners contends attorney fees are an inextricable component of damages for under §10-3-1115 and §10-3-1116, C.R.S.  Auto-Owners contends that if damages in the form of attorney fees were not proven at trial, then Mr. Bagher may not recover attorney fees.

Under Colorado law, which controls, the law is otherwise.  "When attorney fees are treated as damages, they are often awarded and set by a court, even in a jury trial." **Hall v. American Standard Ins. Co. of Wisconsin**, 292 P.3d 1196, 1201 (Colo. App. 2012).  In **Hall**, the court determined that the trial court, and not the jury, determines the amount of attorney fees due on a successful claim under §10-3-1115 and §10-3-1116. **Id**.  This approach is adopted and extended in the Colorado Jury Instructions - Civil. "Though determined post-trial by the court, even in jury trials, reasonable attorney fees and costs allowed by §10-3-1116(1), C.R.S., constitute statutory damages that must be reduced to judgment before appeal may be taken."  CJI-Civ. 4th 25:10, n. 4 (citing **Hall**). Thus, the fact that attorney fees are classified as damages in §10-3-1116(1) does not bar the court from determining and awarding attorney fees on a claim under that statute.

B.  Lodestar Amount

1.  Reasonable Hourly Rates: The hourly rates charged by counsel for Mr. Bagher are reasonable.  Auto-Owners notes that the hourly rates charged for two associate attorneys are at the higher end of the range of reasonable rates for associates with similar experience.  *Response* [#129], p. 10.  However, Auto-Owners does not argue that these associate rates or any other rates charged by counsel for Mr. Bagher are unreasonable.

2.  Billing Records & Number of Hours Spent: Auto-Owners contends some entries on the billing records [#121-2] of counsel for Mr. Bagher are inexplicit because they do not describe fully the tasks performed or the topic or basis for the task.  Auto-Owners points to entries that note a telephone conversation, conferral, or email with no description of the basis for the communication.  This is captious cavil.  In the context of this case and the billing records as a whole, I find that the entries cited by Auto-Owners are sufficiently specific.  All litigation which rises to any level of complexity, as did this case, requires frequent communication with a variety of people.  The fact that these entries do not specify all of the details does not render these entries unreasonably inexplicit.  As a whole, the billing records of counsel for Mr. Bagher are sufficiently detailed and specific.

3.  Lodestar Calculation: Based on the number of hours billed at reasonable hourly rates, the lodestar amount sought by Mr. Bagher is 292,018.50 dollars.

C.  Other Considerations

1.  Degree of Success: Auto-Owners contends the results and the degree of success achieved in this case are not sufficient to support a full recovery of reasonable

attorney fees. Auto-Owners notes that Mr. Bagher claimed the value of the rugs at issue in the 2009 claim was about 137,000 to 167,000 dollars. On the 2011 claim, Mr. Bagher sought damages of around 900,000 dollars. The jury awarded 15,000 dollars on the 2009 claim and 115,000 dollars on the 2011 claim. Under §10-3-116(1), the damages awarded by the jury on claims under the statute were doubled automatically. On the other hand, Mr. Bagher was not successful on his claim for breach of insurance contract on the 2009 claim and was not successful on his two claims of bad faith breach of insurance contract.

The fact that a party was not granted all of the relief he sought is not necessarily a significant factor in determining a reasonable amount of attorney fees. ***Stuart v. North Shore Water & San. Dist.***, 211 P.3d 59, 64 (Colo. App. 2009). "The standard to be applied in determining this question is whether the relief granted is to be considered limited in comparison to the scope of the litigation as a whole." ***Id***. (citation and internal quotation omitted). Comparison of the final judgment to the damages figures argued by the parties at trial informs only obliquely an assessment of the degree of success of Mr. Bagher. More important is the fact that Mr. Bagher engaged in two years of survigrous litigation against a well-funded defendant, Auto-Owners, which provided formidable opposition throughout the litigation. Ultimately, Mr. Bagher demonstrated that Auto-Owners unreasonably denied payment of insurance benefits on both the 2009 and 2011 claims. The claims tied to the 2009 insurance claim were based on the same facts and similar legal theories. Similarly, the claims tied to the 2011 insurance claim were based on the same facts and similar legal theories. Thus, the claims were intertwined.

Although Mr. Bagher was not fully successful, either in terms of prevailing on all of his claims or of being awarded all of the damages he sought, he was successful in a way that is very significant. Proof that an insurance company, on two occasions, unreasonably denied insurance benefits is a significant success. That success, I conclude, merits an award of all reasonable attorney fees tied to the statutory claims.

2. Allocation Among Claims: Addressing an issue related to the degree of success, Auto-Owners contends Mr. Bagher has made no effort to allocate his attorney fees among his claims under §10-3-1116, C.R.S., which includes the attorney fee shifting provision, and his other claims. "(A)ttorney fees must be carefully reviewed and allocated to avoid awarding fees for work performed on overlapping claims that are not covered by a fee shifting statute or rule." **Haynes v. City of Gunnison**, 214 F.Supp.2d 1119, 1122 (D. Colo. 2002).

However, many lawsuits involve multiple claims based on a common nucleus of facts and related legal theories. **Robinson v. City of Edmond**, 160 F.3d 1275, 1283 (10th Cir. 1998).

> In such cases, it is inappropriate for a district court to evaluate the individual claims as though they were discrete and severable. Litigants should be given the breathing room to raise alternative legal grounds without fear that merely raising an alternative theory will threaten the attorney's subsequent compensation. Instead, a court should focus on the significance of the overall relief that the prevailing party has won: The result is what matters.

*Id*. (internal quotation and citation omitted).

As noted previously, the claims of Mr. Bagher were intertwined closely both factually and legally. One claim, his breach of insurance contract claim tied to the 2009

insurance claim, was dismissed prior to trial. Mr. Bagher does not seek fees incurred in responding to the motion for summary judgment of Auto-Owners which motion focused on that claim. In that sense, Mr. Bagher has allocated his attorney fees claim to exclude the breach of insurance contract claim tied to the 2009 insurance claim. Otherwise, the claims of Mr. Bagher are so closely tied together that a further allocation is neither reasonable nor required. Given the totality of circumstances, I will not reduce the lodestar amount based on a failure to allocate among claims.

   3. Contingency Fee Agreement: Mr. Bagher is represented by counsel under a contingency fee agreement which provides that Mr. Bagher will pay his attorneys thirty-five per cent (35%) of the gross amount collected. Auto-Owners contends any award of attorney fees should be capped at 35% of the recovery awarded by the jury, or 260,001 dollars. This position ignores the fact that attorney fees are a component of damages for a claim under §10-3-1116, C.R.S. An award of attorney fees as damages affects the fee paid to counsel under the contingency fee agreement.

   The statute under which Mr. Bagher seeks an award of attorney fees is remedial in nature and is designed to "curb perceived abuses in the insurance industry." ***Kisselman v. Am. Family Mut. Ins. Co.***, 292 P.3d 964, 976 (Colo. App. 2011). Addressing the similar purpose of the attorney fees provision of 42 U.S.C. § 1988, the Supreme Court of the Untied States noted:

> [§ 1988] contemplates reasonable compensation, in light of all of the circumstances, for the time and effort expended by the attorney for the prevailing plaintiff, no more and no less. Should a fee agreement provide less than a reasonable fee calculated in this manner, the defendant should nevertheless be required to pay the higher amount. The defendant is not, however, required to pay the amount called for in a contingent-fee contract if it is more than a reasonable fee calculated in the usual way.

*Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989).

The jury in this case awarded damages of 130,001 dollars. Under §10-3-1116, C.R.S., the award was doubled, resulting in a total award of 260,001 dollars. *See* Final Judgment [#117] at 3, ¶ 3. An additional award of damages in the form of attorney fees of 292,018.50 dollars produces a total award of damages of 552,019.50 dollars. Under the contingency fee agreement, 35% of that total award, or 193,206.82 dollars, would be due counsel for Mr. Bagher. Of course, contingent fees of 193,206.82 dollars is less than the lodestar amount of 292,018.50 dollars.

Given these circumstances, I find and conclude that Mr. Bagher must be awarded a reasonable attorney fee of 292,018.50 dollars. Although that amount is larger than the amount due under the contingency fee agreement, the lodestar amount serves the primary statutory purpose under the fee shifting provision of §10-3-1116, C.R.S.

### V. CONCLUSION & ORDERS

Based on the nature and extent of this litigation and the applicable law concerning attorney fees, Mr. Bagher is entitled to an award of reasonable attorney fees of 292,018.50 dollars as a component of his overall damages under the statute.

**THEREFORE, IT IS ORDERED**

1. That the **Plaintiff's Motion for Attorney Fees** [#121] filed May 15, 2014, is granted;

2. That under §10-3-1116(1), C.R.S., the plaintiff, Hossein Bagher, is awarded a reasonable attorney fee of 292,018.50 dollars payable to the plaintiff by the defendant,

Auto-Owners Insurance Company; and

      3.  That an amended final judgment shall enter containing all of the provisions of the extant **Final Judgment** [#117] entered May 1, 2014, and adding an additional award of statutory damages for attorney fees of 292,018.50 dollars.

      Dated March 27, 2015, at Denver, Colorado.

                                      **BY THE COURT:**

*/s/ Robert E. Blackburn*
Robert E. Blackburn
United States District Judge