**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 1:12-cv-00980-REB-KLM

HOSSEIN BAGHER, d/b/a CHERRY CREEK ORIENTAL RUGS,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

**ORDER GRANTING MOTION FOR REVIEW OF COSTS**

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs** [#130][1] filed June 10, 2014. The defendant filed a response [#135], and the plaintiff filed a reply [#139]. I grant the motion on the terms stated in this order.

**I. BACKGROUND**

This case concerns two insurance claims made by the plaintiff, Hossein Bagher: one in 2009 and the second in 2011. The case was tried to a jury, which found in favor of the plaintiff on his claims under §10-3-1116, C.R.S., for unreasonable denial of insurance benefits concerning the 2009 and 2011 insurance claims.

When entering judgment, the court awarded costs in favor of the plaintiff to be taxed in the time and manner required by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR

---

[1] "[#130]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

54.1. *Judgment* [#117] at 3, ¶ 4.  The clerk taxed costs totaling 12,343.45 dollars. *Bill of Costs* [#128].  Mr. Bagher seeks to recover costs totaling 73,936.80 dollars involving the following classes of exspense: (1) expert witness costs; (2) transcripts of trial testimony; (3) deposition costs; (4) fees for the exemplification and copies of papers; (5) computerized research and courier charges; and (6) travel expenses associated with out of state depositions. He contends that §10-3-1116, C.R.S., permits an award of costs over and above those awarded under Fed. R. Civ. P. 54, and asks that I review the matter.

## II.  ANALYSIS

Section 10-3-1116, C.R.S., provides: "A first-party claimant as defined in section 10-3-1115 whose claim for payment of benefits has been unreasonably delayed or denied may bring an action in a district court to recover reasonable attorney fees and court costs and two times the covered benefit."  The rub arises because the statute does not provide a definition of "court costs."

Mr. Bagher urges that the term "court costs" be defined as the term "costs" is defined in §13-16-122, C.R.S.  Section 122 defines the word "costs" for the purpose of an assessment of costs by a court "pursuant to any provision of this article . . . ."  In defining costs, section 13-16-122 includes a broad array of expenses.  Those expenses include docket fees, jury fees, fees paid to sheriffs, transcript fees, witness fees, charges for expert witnesses, fees for exemplification and copies of papers, a broad range of costs associated with depositions, fees for service of process, and other costs and fees allowed by statute.  §13-16-122(1), C.R.S.

In response, the defendant argues that the phrase "court costs," as used in §10-

3-1116, differs significantly from the word "costs" as used in §13-16-122. Additionally, the defendant draws attention to the phrase "actual costs," which is defined in §13-17-202(1)(b), C.R.S. That statute concerns an award of costs and fees after an offer of settlement. Under §13-17-202(1)(b), "actual costs includes but is not limited to "filing fees, subpoena fees, reasonable expert witness fees, copying costs, court reporter fees, reasonable investigative expenses and fees, reasonable travel expenses, exhibit or visual aid preparation or presentation expenses, legal research expenses, and all other similar fees and expenses."

Thankfully, neither myriad trees nor brain cells must die to resolve this issue of statutory construction. I begin by rehearsing the familiar mission of statutory construction: determining the intent of the legislature – in this case the Colorado General Assembly. *See, e.g.*, *Colorado Common Cause v. Meyer*, 758 P.2d 153, 160 (Colo.1988) (A court's primary task in construing a statute is to give effect to the legislative purpose underlying the enactment).

In my quest to determine the legislative purpose of section 10-3-1116(1), C.R.S., I look first to the statutory language, giving its words and phrases their commonly accepted and understood meaning. *Id.* However, "court costs," as used in subsection 1 of section 1116, is susceptible to more than one reasonable meaning, and, thus, is ambiguous.

Statutory ambiguity entails application of the aids in construction at §2-4-203, C.R.S. The enumerated factors are not exhaustive and none is dispositive or preponderant.

Careful consideration and application of the aids in construction enumerated in

paragraphs a - g of subsection 1, constrain me to conclude that the Colorado General Assembly intended a broad definition of the term "court costs" as used in section 10-3-1116(1), C.R.S. My exegetical deconstruction of part 11 of article 3 of title 10, C.R.S., generally, and section 1111(1), C.R.S., specifically, makes pellucid the intent of the legislature to expand and enhance the remedies and concomitant damages to be awarded to a first-party claimant whose claim for insurance benefits has been unreasonably delayed or denied by his insurance company. It would, indeed, be incongruous to construe the adjective "court" in the term "court costs" to somehow limit or restrict the costs available to a successful first-party claimant in the context of a remedial statutory provision that otherwise greatly expands the available damages to include attorney fees and two times the covered benefit. It would be equally incongruous to limit costs in section 10-3-1116(1), which otherwise increases damages, when a successful plaintiff in any other civil action would have the benefit of the costs available under section 13-16-122, C.R.S. *See* §13-16-104, C.R.S. Thus, I decline any invitation to do so.

Instead, I am inclined to construe the term "court costs" at least as broadly as the term "costs" is defined at section 13-16-122, C.R.S. Such a construction is consistent with the intent of the legislature in section 10-3-1116(1), C.R.S., to enhance the damages for a first-party claimant whose claim for insurance benefits has been unreasonably delayed or denied.

Most, but not all, of the costs requested by Mr. Bagher would be available to him under sections 13-16-104 and 122, C.R.S. However, he following costs are not allowable: (1) "Fees for Mediation" of $1,170.00; (2) "Fees for Courier" of $15.95; and

4

(3) "Fees for Online Legal Research" of $4,120.89. These excludable costs total $5,306.84. The remaining costs are allowable, and I approve and authorize an award of those costs. Thus, I conclude ultimately that to effect the underlying purpose of section 10-3-1116(1), C.R.S., Mr. Bagher should be awarded court costs of $68,629.96.

### III.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Plaintiff's Motion for Judicial Review of Clerk's Taxation of Costs** [#130] filed June 10, 2014, is granted;

2.  That the plaintiff, Hossein Bagher, is awarded court costs of $68,629.96 dollars; and

3.  That an amended final judgment shall enter containing all of the provisions of the extant **Final Judgment** [#117] entered May 1, 2014, and adding an additional award of court costs of $68,629.96 dollars.[2]

Dated March 27, 2015, at Denver, Colorado.

                                                      **BY THE COURT:**

                                                      */s/ Robert E. Blackburn*
                                                      Robert E. Blackburn
                                                      United States District Judge

---

[2] In an order entered concurrently, *see* [#141], I required that the extant **Final Judgment** [#117] be amended to include an award of reasonable attorney fees under §10-3-1116(1), C.R.S., of 292,018.50 dollars. The combined effect of this order and the attorney fee order will produce one amended final judgment that adds provisions for attorney fees and costs.